72 F.3d 137
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 CARLA HANNA, as personal representative of the estate of
Jeryth Depaul Hanna, deceased; Roosevelt Hanna,
plaintiffs-appellees,
v.
Thomas A. NAEGELE, D.O., Defendant-Appellant,
 Nos. 93-2313, 94-2004.
 United States Court of Appeals, Tenth Circuit.
 Dec. 7, 1995.
 ORDER AND JUDGMENT[1]
 
 1
 Before MOORE, BARRETT, and WEIS,** Circuit Judges.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. See Fed. R.App. P. p 34(a); 10th Cir. R. 34.1.9. The cases are therefore ordered submitted without oral argument.
 
 
 3
 Plaintiffs Carla and Roosevelt Hanna filed a malpractice suit in New Mexico state court seeking to recover damages from defendant Dr. Thomas A. Naegele, claiming that Dr. Naegele was negligent in the care and treatment of their son Jeryth, resulting in Jeryth's death. At the time of the alleged negligence, Dr. Naegele was a civilian health care provider at Kirtland Air Force Base, New Mexico.
 
 
 4
 Dr. Naegele filed a petition in the United States District Court for the District of New Mexico requesting that, pursuant to the Westfall Act, 28 U.S.C. 2679,[2] the district court certify him as an employee of the United States acting within the scope of his employment at the time he treated Jeryth, substitute the United States as the proper party defendant, and remove the case to federal court. Plaintiffs moved for remand to state court on the ground that, because Dr. Naegele had not petitioned the New Mexico Attorney General, acting through the United States Attorney, for certification pursuant to 2679(d)(2),[3] the district court lacked jurisdiction. The district court agreed, and on October 19, 1993, ordered the case remanded to New Mexico state court. The district court subsequently denied Dr. Naegele's motion to set aside the remand, and Dr. Naegele appealed (No. 93-2313).
 
 
 5
 Following remand to the state court, the United States filed a notice of removal and a motion for federal court certification determination pursuant to 2679(d)(3).[4] On December 17, 1993, after determining that Dr. Naegele was not an employee of the United States on the date of the alleged malpractice, the district court denied certification, and again remanded the case to state court. Dr. Naegele appealed (No. 94-2004). This court granted Dr. Naegele's motion to consolidate these appeals.
 
 I.
 No. 93-2313
 
 6
 A question of mootness "necessarily constitutes our threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Beattie v. United States, 949 F.2d 1092, 1093 (10th Cir.1991). An appeal should be dismissed as moot when an appellate court cannot fashion effective relief due to events that occurred while the appeal was pending. Osborn v. Durant Bank & Trust Co. (In re Osborn), 24 F.3d 1199, 1203 (10th Cir.1994). Thus, a case becomes moot when the issue is no longer live and redressable. Central Wyo. Law Assocs. v. Denhardt, 60 F.3d 684, 687 (10th Cir.1995)("Under Article III of the Constitution, federal courts may only adjudicate live controversies.").
 
 
 7
 In this first appeal, Dr. Naegele essentially complains that the district court erred in remanding the case to the state court without adjudicating the merits of the certification petition. After his appeal to this court was filed and as a result of the removal action instituted by the United States, the district court did pass upon the merits of the certification issue. Thus, Dr. Naegele has obtained all the relief he would have been entitled to had he been successful in the first appeal. As to the issues raised there, nothing further need be done. Consequently, the appeal from the district court's order of October 19, 1993 is moot and is dismissed.
 
 II.
 No. 94-2004
 
 8
 In his second appeal, Dr. Naegele challenges the district court's denial of certification as well as its order remanding this case to state court. At the outset, we must examine this court's jurisdiction to review these decisions.
 
 
 9
 Pursuant to 28 U.S.C. 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." In a broadening interpretation of 1447(d), the Supreme Court concluded that a remand order based solely on the district court's crowded docket was reviewable by means of mandamus. Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 352 (1976). In so doing, the Court held that 1447(d)'s bar on reviewability is not applicable where the district court remands a case on grounds other than those authorized by 1447(c)--improvident removal and lack of jurisdiction.[5] Id. at 346.
 
 
 10
 At the time the district court issued its order denying Dr. Naegele's petition for certification, it had subject matter jurisdiction to do so. See 28 U.S.C. 2679(d)(3). In addition, the removal by the United States was proper and within the terms of the statute. See id. The district court's order did not invoke the 1447(c) grounds, and the record is equally void of any indication that the court intended the remand to be based on those grounds. See Jamison v. Wiley, 14 F.3d 222, 232-33 (4th Cir.1994); Massachusetts v. v. & M Management, Inc., 929 F.2d 830, 832-33 (1st Cir.1991); Karl Koch Erecting Co. v. New York Convention Ctr. Dev. Corp., 838 F.2d 656, 658 (2d Cir.1988). Therefore, we conclude that 1447(d) does not preclude review of that portion of the district court's December 17, 1993 order remanding this case to state court. See Albertson's, Inc. v. Carrigan, 982 F.2d 1478, 1480 (10th Cir.1993)(holding that a case remanded on grounds not specified in 1447(c) is reviewable).
 
 
 11
 We also conclude that 1447(d) does not prevent us from reviewing that portion of the district court's order denying Dr. Naegele's petition for certification of employment. The Supreme Court has held that 1447(d) does not prohibit appellate review of a collateral order underlying a remand where the collateral order "in logic and in fact" preceded the remand order. City of Waco v. United States Fidelity & Guar. Co., 293 U.S. 140, 143 (1934).
 
 
 12
 In Carr v. American Red Cross, 17 F.3d 671, 675 (3d Cir.1994), the court set up a two part test for determining reviewability of an order collateral to a remand. First, the order must avoid the 1447(d) bar to appellate review of remand orders, and second, it must be final pursuant to 28 U.S.C. 1291.
 
 
 13
 Here, because the order denying Dr. Naegele's petition for certification as an employee of the United States acting within the scope of his employment is precedent to, and separate from, the remand order, see id. at 675, it avoids the 1447(d) restrictions on appellate review. See also Kimbro v. Velten, 30 F.3d 1501, 1503 (D.C.Cir.1994), cert. denied, 115 S.Ct. 2584 (1995); Jamison, 14 F.3d at 231-32; Aliota v. Graham, 984 F.2d 1350, 1352-53 (3d Cir.), cert. denied, 114 S.Ct. 68 (1993); Mitchell v. Carlson, 896 F.2d 128, 132-33 (5th Cir.1990).
 
 
 14
 Second, that portion of the order denying Dr. Naegele certification has the effect of denying Dr. Naegele absolute immunity, and as such, is immediately appealable as a collateral order under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949). See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)(allowing immediate reviewability of denial of qualified immunity because immunity is "effectively lost if a case is erroneously permitted to go to trial"); Valdez v. City & County of Denver, 878 F.2d 1285, 1287 (10th Cir.1989)(reviewability of denial of absolute immunity arises under collateral order doctrine).
 
 
 15
 Having determined that both portions of the district court's order avoid 1447(d) ban, we consider the source of our jurisdiction to review the decision. There is a split in the opinions of the Courts of Appeals on whether a Cohen collateral order in a remand proceeding is reviewable by direct appeal or by writ of mandamus. See, e.g., Executive Software v. United States Dist. Court, 24 F.3d 1545, 1549 (9th Cir.1994)(remand order qualifying as collateral order is appealable); McDermott Int'l Inc. v. Lloyds Underwriters of London, 944 F.2d 1199, 1203 n. 5 (5th Cir.1991); contra Pas v. Travelers Ins. Co., 7 F.3d 349, 352-53 (3d Cir.1993)(mandamus is proper remedy). See also Wright & Miller 3740 (1995 Supp.).
 
 
 16
 In Westinghouse Credit Corp. v. Thompson, 987 F.2d 682, 684 (10th Cir.1993), we concluded that an order remanding pendent claims to a state court was reviewable by mandamus. Accord Albertson's Inc., 982 F.2d at 1480. However, in Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1344-45 (10th Cir.1992), a remand order based on a contractual forum selection clause was eligible for direct review.
 
 
 17
 Because we are persuaded that the matter before us could properly be reviewed under mandamus if not by direct appeal, we see no need to prolong discussion of the issue. We are satisfied that we have jurisdiction to resolve the issue before us.
 
 
 18
 Unfortunately, our determination that we have jurisdiction to consider the district court's December 17, 1993 order does not clear the road to review. Because the district court's order is void of findings of fact and conclusions of law, we are unable to engage in an effective review of the order. See Fed.R.Civ.P. 52(a) (requiring the court to "find the facts specially and state separately its conclusion of law thereon"); accord Roberts v. Metropolitan Life Ins. Co., 808 F.2d 1387, 1390-91 (10th Cir.1987); see also Arthur v. United States ex rel. Veterans Admin., 45 F.3d 292, 296 (9th Cir.1995)(court determining Westfall Act certification question must "identify and resolve disputed issues of fact" and make findings sufficient to allow appropriate appeal of the decision).
 
 
 19
 Therefore, in appeal No. 94-2004, we VACATE the December 17, 1993 order and REMAND the case, directing the district court to make findings of fact and conclusions of law supporting its decision on Dr. Naegele's request for certification, and enter judgment in accordance. Appeal No. 93-2313 is DISMISSED as moot.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Joseph F. Weis, Jr., Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation
 
 
 [2]
 The Westfall Act provides the terms and conditions under which the United States will waive its immunity and consent to suit under the Federal Tort Claims Act. See United States v. Mitchell, 445 U.S. 535, 538 (1980)(construing the Tucker Act and noting that the United States is immune from suit unless it consents to be sued, and its consent defines the terms and conditions upon which it may be sued)
 
 
 [3]
 Section 2679(d)(2) of the Westfall Act provides in part:
 Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending.
 
 
 [4]
 Section 2679(d)(3) of the Westfall Act provides in part:
 In the event the petition [for certification] is filed in a civil action or proceeding pending in a State court, the action or proceeding may be removed without bond by the Attorney General to the district court of the United States for the district and division embracing the place in which it is pending. If, in considering the petition, the district court determines that the employee was not acting within the scope of his office or employment, the action or proceeding shall be remanded to the State court.
 
 
 [5]
 At the time Thermtron was decided, 1447(c) provided for remand if "the case was removed improvidently and without jurisdiction." This court has held that 1447(c) should be read so as to provide disjunctive grounds for remand. FDIC v. Alley, 820 F.2d 1121, 1123 (10th Cir.1987). However, 1447(c) has since been amended and now provides for remand "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." Because the question of whether remands based on improvident removal are now excepted from the 1447(d) ban on reviewability is not germane to our decision here, we do not address the issue