**David O'NEILL; Julie O'Neill, Individually and as Co–Administrators of the Estate of Sean Reid O'Neill,**

v.

**John BRANNIGAN, M.D.; Robert L. Walker, M.D.; Jodi Schucker, M.D.; Beth Mulvihill, D.O.; Emmanuella Cherisme, M.D.; Tawana Gordon, M.D.; Shereen Oloufa, M.D.; Pratima Srivastava, M.D.; Geisinger Medical Center; Geisinger Clinic Geisinger Clinic, Inc., Appellant.**

No. 02–1313.

United States Court of Appeals, Third Circuit.

Argued Sept. 26, 2002.

Decided Dec. 4, 2002.

Barbara S. Magen, Benjamin A. Post, Post & Schell, Philadelphia, PA, David E. Manoogian, (Argued), Epstein, Becker & Green, P.C., Washington, D.C., for Appellant.

Joseph A. Quinn, Jr., Edward J. Ciarimboli, David Aikens, Jr., (Argued), Hourigan, Kluger & Quinn, Kingston, PA, Allan H. Starr, White & Williams, Philadelphia, PA, for Appellee.

Before BARRY, AMBRO and GARTH, Circuit Judges.

OPINION

AMBRO, Circuit Judge.

This appeal arises from a suit that Appellee Julie O'Neill initially filed in the Luzerne County Court of Common Pleas against, *inter alia,* her treating physicians and Geisinger Clinic, Inc. (the "Clinic"). The Clinic is a not-for-profit, multi-specialty medical group, providing medical and administrative services for employee benefit plans.

O'Neill entered the Clinic on August 1, 2000 for induction of labor. The Clinic denied O'Neill a Cesarean section as not medically necessary and discharged her that day. She returned again the following day for induction of labor. However, the Clinic did not perform a Cesarean section until August 3, 2000. O'Neill's baby did not survive the delivery.

O'Neill filed a state-law malpractice suit against her treating physicians. She also sued the Clinic, alleging both vicarious liability and direct claims of corporate negligence. She claims that the Clinic "purposefully and knowingly discourag[ed] the performance of Cesarean sections" and "purposefully and knowingly plac[ed] more emphasis on profits than on quality of patient care." She contends that, had she received a Cesarean section earlier, her baby would not have died.

The Clinic removed the case to the United States District Court for the Middle District of Pennsylvania, asserting that the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.,* preempts O'Neill's state law claims and hence the District Court had jurisdiction. To support this assertion, the Clinic contended that O'Neill's claim was really an attempt to recover benefits due under an ERISA plan, to clarify rights to those benefits, or to enforce rights to future

benefits, and thus stated a cause of action under 29 U.S.C. § 1132(a)(1)(B).

O'Neill filed a motion to remand, alleging that her claims did not relate to ERISA plan administration or denial of plan benefits but rather to provision of medical care and, under Third Circuit precedent, see *Pryzbowski v. U.S. Healthcare, Inc.*, 245 F.3d 266 (3d Cir.2001); *Lazorko v. Pa. Hosp.*, 237 F.3d 242 (3d Cir.2000); *In re U.S. Healthcare, Inc.*, 193 F.3d 151 (3d Cir.1999); *Dukes v. U.S. Healthcare, Inc.*, 57 F.3d 350 (3d Cir.1995), ERISA did not completely preempt her claims.

On December 20, 2001, the District Court granted O'Neill's motion to remand, holding that the claims involved "quality of care" rather than ERISA plan administration. The Clinic now seeks review of the District Court's remand order.

A remand order is ordinarily not reviewable on appeal. 28 U.S.C. § 1447(d). There are two exceptions to this rule, however. First, a district court's remand order is reviewable when based on reasons other than those grounds specified in § 1447(c). *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 350–352, 96 S.Ct. 584, 46 L.Ed.2d 542 (1976).[1] Second, we may review a remand order when the district court has made a separable decision that "preceded the remand both in logic and in fact has ramifications beyond merely determining the court's subject matter jurisdiction." *Powers v. Southland Corp.*, 4 F.3d 223, 230 (3d Cir.1993); see also *City of Waco v. United States Fid. & Guar. Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934). The Clinic argues that this case fits within the second exception. We disagree.

Cases successfully invoking the second exception have sought to appeal determinations with important ramifications for substantive issues other than federal jurisdiction. In *Powers*, the district court allowed the plaintiffs to amend their complaint to add another defendant under a relation back theory, even though the statute of limitations governing the action against that defendant had expired. Because adding the new defendant destroyed diversity jurisdiction, the district court remanded the case to state court. *Powers*, 4 F.3d at 224. Our Court concluded that "the district court's decision to permit the amendment of the complaint by application of the relation back doctrine . . . is separable from the decision to remand" because that decision determined whether the new defendant could be sued at all and therefore had ramifications beyond determining the district court's subject matter jurisdiction. *Id.* at 228.[2] Invoking the same logic, in *Aliota v. Graham*, 984 F.2d 1350 (3d Cir.1993), *cert. denied*, 510 U.S. 817, 114 S.Ct. 68, 126 L.Ed.2d 37 (1993), we held that a district court's decision substituting federal employee-defendants in their individual capacities in place of the United States, which led to a remand to state court, was reviewable because the order substituting the individual defendants was not "inextricably linked to the question of remand." *Id.* at 1353. In *Carr v. American Red Cross*, 17 F.3d 671 (3d Cir.1994), we reviewed a remand order when the remand was compelled by the district court's decision to dismiss the Red Cross as a defendant. Carr had given the Red Cross a joint tortfeasor release in settlement of Carr's claims against Red Cross.

---

**1.** Because the District Court remanded for lack of subject matter jurisdiction, one of the reasons § 1447(c) specifies for remand, the first exception is clearly inapplicable.

**2.** We nonetheless dismissed the appeal in *Powers* because the order from which the appeal was taken was neither final under 28 U.S.C. § 1291, nor was it covered by the collateral order doctrine.

*Id.* at 674. Because dismissing the Red Cross barred Carr from pursuing further judicial remedies against it, the court's decision had "independent relevance in adjudging the rights of all ... parties involved in [the] action." *Id.* at 675.

The Clinic strains to find a separable decision by suggesting that the District Court "in effect" made two rulings: (1) the Clinic is not an ERISA entity; and (2) O'Neill's claims relate to quality of care rather than quantity of care. However, it is clear that the District Court only decided the latter issue, concluding that the claims concerned only quality of care and thus escape ERISA preemption. As to the first issue, the District Court merely decided that the Clinic was functioning as a medical care provider rather than an ERISA administrator in the circumstances of O'Neill's case, a question that necessarily bears on whether O'Neill's claims relate to quantity of care or quality of care. Given that the District Court made this determination "for the purpose of determining subject matter jurisdiction, the issue is not separable because it cannot be said to have preceded the remand decision 'in logic and in fact.'" *Carr*, 17 F.3d at 675 (quoting *City of Waco v. United States Fid. & Guar. Co.*, 293 U.S. 140, 143, 55 S.Ct. 6, 79 L.Ed. 244 (1934) (emphases omitted)).

The Clinic argues in the alternative that Congress intended remand orders in ERISA cases to be reviewable. It stresses the need for uniform application of ERISA law and the importance of the ERISA program for Americans' health care. We decline to read an ERISA exception into § 1447(d), however. Had Congress intended federal appellate courts to review orders remanding cases for lack of complete ERISA preemption, it would have explicitly provided for that review. Failing that explicit provision, we lack jurisdiction in this case.

Because we have no jurisdiction over the Clinic's appeal, we deny as moot O'Neill's motion to supplement the joint appendix and to expand the record.