

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-1995

# Beneficial vs. Polonowicz

Precedential or Non-Precedential:

Docket 94-1346

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Beneficial vs. Polonowicz" (1995). *1995 Decisions.* Paper 38.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/38

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


NO. 94-1346


BENEFICIAL CONSUMER DISCOUNT COMPANY,

Appellant

v.

DAVID R. POLTONOWICZ; JOHN POLTONOWICZ;
THE INTERNAL REVENUE SERVICE OF THE UNITED STATES OF AMERICA


On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action No. 93-cv-03780)


Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 1994

BEFORE:  STAPLETON and GREENBERG, Circuit Judges,
and ATKINS,* District Judge

(Opinion Filed  February 9, 1995)

Shawn J. Lau
Bingaman, Hess, Coblentz & Bell
660 Penn Square, 601 Penn Street
P. O. Box 61
Reading, PA  19603
  Attorney for Appellant

Frank W. Hunger
Assistant Attorney General
Michael R. Stiles
United States Attorney

*Honorable C. Clyde Atkins, United States District Judge for the Southern District of Florida, sitting by designation.

Barbara L. Herwig
Irene M. Solet
Attorneys, Appellate Staff
Civil Division, Room 3343
U.S. Department of Justice
10th & Pennsylvania Ave., N.W.
Washington, DC 20530-0001
    Attorneys for Appellee

OPINION OF THE COURT

STAPLETON, Circuit Judge:

Beneficial Consumer Discount Co. ("Beneficial") appeals from an order dismissing its third-party claim against the Internal Revenue Service ("IRS"), and remanding the remainder of this case to state court. The district court reasoned that the doctrine of sovereign immunity precluded Beneficial's claim against the IRS. At issue is whether the waiver of the sovereign immunity of the United States set forth either in the Right to Financial Privacy Act of 1978 ("RFPA"), 12 U.S.C. §§ 3401-3422, or the Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, permits Beneficial's claim. We hold that neither of these statutes waives the federal government's sovereign immunity against Beneficial's claim. We will affirm in part and dismiss in part for lack of jurisdiction.

I.

This case arises out of a March 1991 installment loan agreement between Beneficial and defendants David Poltonowicz and John Poltonowicz ("the Poltonowiczs"). Beneficial, claiming that the Poltonowiczs defaulted on that loan, filed suit against them in the Pennsylvania Court of Common Pleas. In response, the Poltonowiczs asserted a counterclaim, alleging that Beneficial had violated the terms of the loan agreement, as well as unspecified state and federal laws, by providing certain confidential information to third parties.

Beneficial admits that it released information concerning the Poltonowiczs to a third party, the IRS. It nevertheless argues that this alleged breach of confidentiality was entirely justified. It explains that IRS officials requested the confidential information in writing and certified to Beneficial, pursuant to the requirements of 12 U.S.C. § 3403(b), that the request met the requirements of the RFPA. The IRS also informed Beneficial that good-faith reliance upon the RFPA certification would relieve Beneficial of any possible liability to the Poltonowiczs for disclosing the requested account information. See 12 U.S.C. § 3417(c).

This appeal arises because Beneficial did something more than assert the IRS's RFPA certification as a defense under § 3417(c); it joined the IRS, alleging that, if Beneficial were held liable to the Poltonowiczs, it was entitled to judgment against the IRS for any amount they recovered. In response, the IRS removed the case to the district court and filed a motion to

dismiss on the ground that Beneficial's claim was barred by the doctrine of sovereign immunity. The district court granted the IRS's motion, dismissing Beneficial's claim against the IRS with prejudice, and remanding the case to state court. Beneficial filed a timely motion for reconsideration. The district court denied that motion and this appeal followed.

## II.

We are presented with threshold issues of jurisdiction. With certain exceptions not here relevant, we may review only final orders of a district court. Moreover, we are specifically barred by 28 U.S.C. § 1447(d) from reviewing "[a]n order remanding a case to the State court from which it was removed," where the district court has decided to remand because it believes it "lacks subject matter jurisdiction." 28 U.S.C. §§ 1447(c), (d), as interpreted in Thermtron Products, Inc. v. Hermansdorfer, 423 U.S. 336 (1976), and Gravitt v. Southwestern Bell Telephone Co., 430 U.S. 723 (1977).

The November 30, 1993, order from which Beneficial appeals dismissed with prejudice its cross-claim against the IRS on "grounds of sovereign immunity" and remanded the remaining claims in the case to the state court from which it came because it had "no independent jurisdiction" over those claims. Beneficial asks us to hold that the district court erred in dismissing its claim against the IRS. It further asks us to rule that the district court erred in remanding the other claims in

the case whether or not it was justified in dismissing the IRS.[1] We conclude that we have jurisdiction to review that portion of the November 30, 1993, order which dismissed Beneficial's claim against the IRS with prejudice, and we will affirm that part of the order. We are without jurisdiction, however, to review the district court's remand decision.

Because the district court's decision to dismiss Beneficial's claim against the IRS affected the substantive rights of the parties and was separable from the district court's decision to remand, that portion of the order appealed from is a final one over which we have appellate jurisdiction despite the bar of 28 U.S.C. § 1447(d). This is the teaching of the Supreme Court's decision in City of Waco v. United States Fidelity & Guaranty Co., 293 U.S. 140, 143-44 (1934) (review permitted of an order dismissing one party to a case where that order was accompanied by a motion to remand because "in logic and fact the decree of dismissal preceded that of remand and was made by the District Court while it had control of the case."), and our decision in Carr v. American Red Cross, 17 F.3d 671, 674-78 (3d Cir. 1994) (same).

On the other hand, § 1447(d) bars our review of that portion of the district court's order remanding this case to state court. City of Waco v. United States Fidelity & Guarantee

_____

[1]. Beneficial contends that even if the IRS is protected by sovereign immunity, the district court had jurisdiction to rule, and should have ruled, on its motion for summary judgment on the Poltonowiczs' claim against Beneficial under the RFPA.

Co., 293 U.S. 140, 143 (1934) (stating that "no appeal lies from the order of remand"); see generally 15A Charles A. Wright et al., Federal Practice & Procedure § 3914.11, at 712-15 (1992 & Supp. 1994). Cases permitting appellate consideration of remand orders, such as Carr or Thermtron Products, are inapposite. We permitted review of the remand order in Carr because without that review, our decision overturning the district court's order which triggered the remand would have been meaningless. 17 F.3d at 683. Our decision here, in contrast, affirms the order preceding remand. Thermtron Products is likewise inapplicable; the Supreme Court there permitted mandamus review of a remand order which was based "on grounds that [the district court] had no authority to consider." 423 U.S. at 351. Here the district court's remand was based on its conclusion that it had no subject matter jurisdiction over the remaining claims and, as Thermtron Products expressly recognized, this is the kind of order which comes within the scope of § 1447(d) and may not be reviewed.

### III.

It is well settled that the United States enjoys sovereign immunity from suits and, accordingly, may be sued only if it has waived that immunity. United States v. Idaho ex rel. Dep't of Water Resources, 113 S. Ct. 1893, 1896 (1993); United States v. Nordic Village, Inc., 112 S. Ct. 1011, 1014 (1992); FMC Corp. v. Department of Commerce, 29 F.3d 833, 838-39 (3d Cir. 1994); In re University Med. Ctr. (University Med. Ctr. v. Sullivan), 973 F.2d 1065, 1085 (3d Cir. 1992). The IRS, as an

agency of the United States, is thus shielded from private actions unless sovereign immunity has been waived. United States v. Mitchell, 463 U.S. 206, 212 (1983).

"[W]aivers of federal sovereign immunity must be 'unequivocally expressed'" in the statutory text and "'[a]ny such waiver must be strictly construed in favor of the United States.'" Idaho, 113 S. Ct. at 1896 (citations omitted); Department of Energy v. Ohio, 112 S. Ct. 1627, 1633 (1992); Nordic Village, 112 S. Ct. at 1014-15; Ardestani v. INS, 112 S. Ct. 515, 520 (1991); University Med. Ctr., 973 F.2d at 1085.

Beneficial asserts that two federal statutes permit it to bring its third-party claim against the IRS: the Federal Right to Privacy Act ("the FRPA") and the Federal Tort Claims Act ("the FTCA"). We consider the applicability of these two statutes in turn.

IV.

The Right to Financial Privacy Act of 1978, 12 U.S.C. §§ 3401-3422, is designed "to protect the customers of financial institutions from unwarranted intrusion into their records while at the same time permitting legitimate law enforcement activity." H.R. Rep. No. 1383, 95th Cong., 2d Sess. 33 (1978), reprinted in 1978 U.S.C.C.A.N. 9273, 9305. The RFPA's civil enforcement mechanism, § 3417(a), reflects this goal of protecting the privacy interests of customers of financial institutions. It states in pertinent part:

**(a) Liability of agencies or departments of United States or financial institutions**. Any agency or department of the United States or financial institution obtaining or disclosing financial records or information contained therein in violation of this chapter is liable to the customer to whom such records relate in an amount equal to the sum of --
(1) $ 100 without regard to the volume of records involved;
(2) any actual damages sustained by the customer as a result of the disclosure;
(3) such punitive damages as the court may allow, where the violation is found to have been willful or intentional; and
(4) in the case of any successful action to enforce liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

Beneficial maintains that § 3417(a) waives the IRS's sovereign immunity, giving Beneficial a cause of action against the IRS. We disagree. Nothing in the RFPA permits a financial institution like Beneficial, which is not a "customer" within the meaning of that Act, to bring suit to enforce its customers' RFPA-protected rights. Further, nothing in the RFPA permits a financial institution to shift to the government as a joint tort-feasor -- through a suit for contribution, indemnification, or otherwise -- any part of its burden of paying civil penalties to a customer for violations of the RFPA. Accordingly, it is not surprising that the text of the RFPA evidences no intent on the part of Congress to waive sovereign immunity with respect to claims like the one here asserted by Beneficial against the IRS.

A.

Section 3417(a) is specifically limited to actions instituted by the "customer" whose rights to financial privacy have been violated. The term customer "means any person or authorized representative of that person who utilized or is utilizing any service of a financial institution, or for whom a financial institution is acting or has acted as a fiduciary, in relation to an account maintained in the person's name." 12 U.S.C. § 3401(5). Here, Beneficial is the financial institution,[2] not the customer; no one claims that the IRS somehow violated Beneficial's right to financial privacy. Thus, any § 3417(a) claim Beneficial could have against the IRS would derive from its allegation that the IRS violated the Poltonowiczs' rights to financial privacy.

Beneficial suggests that § 3417(a) gives Beneficial the right to stand in the Poltonowiczs' shoes and assert their rights to privacy on their behalf. Beneficial points to no provision in the RFPA, however, indicating that financial institutions may hold the government liable for violations of their customers' rights to financial privacy. Instead, the essence of Beneficial's argument is that fairness requires that such a cause of action and a waiver of sovereign immunity with respect thereto be implied by courts called upon to enforce the RFPA. It claims

---

[2]. The RFPA defines "financial institution" broadly as "any office of a bank, savings bank, card issuer . . ., industrial loan company, trust company, savings association . . ., credit union, or consumer finance institution . . . ." 12 U.S.C. 3401(1). Beneficial does not contest that it is a financial institution for the purposes of the RFPA.

that, unless this court implies such a cause of action and waiver, Beneficial might be held liable to the Poltonowiczs merely because it had complied in good faith with the IRS's request for allegedly confidential financial information.

Nothing in the statute or the legislative history supports Beneficial's claim to an implied cause of action against the government for financial institutions to vindicate the rights of their customers. In fact, § 3417(d), which states that "[t]he remedies and sanctions described in this chapter shall be the only authorized judicial remedies and sanctions for violations of this chapter," appears to mandate the exact opposite conclusion. See also H.R. Rep. No. 1383, at 49 (stating that "[t]he definitions of 'financial records' and 'customers,' taken together, are intended to preclude application of the bill to anyone other than the person to whose account information the government seeks to access"). Furthermore, Beneficial's fear of being held liable for its good-faith reliance on the IRS's RFPA certification is entirely unfounded. Section 3417(c) specifically provides relief for a financial institution caught in a situation like the one Beneficial alleges, dictating that the institution may not be held liable to customers under the RFPA if it relied in good faith on a government authority's certified request for information.[3] The availability of this

---

[3]. Section 3417(c) states:

> Any financial institution or agent or employee thereof making a disclosure of financial records pursuant to this chapter in good-faith reliance upon a certificate by any

defense obviates any need financial institutions might have to bring RFPA claims against the government for the government's violations of their customers' rights to financial privacy.  We therefore decline Beneficial's invitation to imply a derivative right on its behalf and to find an unexpressed waiver of sovereign immunity with respect to claims based on that right.

B.

Our conclusion must be the same with respect to Beneficial's effort to secure contribution or indemnity from the IRS under the RFPA as a joint tort-feasor.  Nothing in the RFPA creates a cause of action for contribution or indemnification in favor of a financial institution which has been held liable to a customer as a result of a disclosure to the government. Moreover, even if we were disposed to imply a cause of action for contribution or indemnification under the RFPA, we could not imply a waiver of sovereign immunity with respect to that cause of action without running afoul of the well-established injunction against recognizing a waiver of federal sovereign

(..continued)
> Government authority or pursuant to the provisions of section 3413(l) of this title <u>shall not be liable to the customer</u> for such disclosure under this chapter, the constitution of any State, or any law or regulation of any State or any political subdivision of any State.

(Emphasis added.)

immunity not evidenced in the statutory text.  See, e.g., Idaho,
113 S. Ct. at 1896.


V.

As Beneficial points out, the Federal Tort Claims Act
waives sovereign immunity as to claims against the United States
for money damages for injury caused by the negligent or wrongful
act or omission of a government employee acting within the scope
of his employment "under circumstances where the United States,
if a private person, would be liable to the claimant in
accordance with the law of the place where the act or omission
occurred."  28 U.S.C. § 1346(b); see also 28 U.S.C. § 2674.
Beneficial insists that this waiver encompasses the following
cross-claim it seeks to assert against the IRS:

> In this matter, if [the Poltonowiczs']
> allegations are proven correct, officers
> and/or agents of the IRS specifically misled
> Beneficial employees into believing that they
> were at all times entitled to and under a
> duty to respond as requested in the IRS'
> Request for Documents.  These requests were
> made by supposedly seasoned IRS agents, who
> knew or should have known of the requirements
> of the Federal Right to Financial Privacy
> Act.  Beneficial presented these allegations
> in its complaint to join the IRS as [an]
> additional defendant.  Should the allegation
> be proven correct, this conduct would rise to
> the level of tortious conduct under state
> law; the Government expressly waives
> sovereign immunity for such conduct by virtue
> of the Federal Tort Claims Act Title 28,
> §§ 1346 and 2674.

(Appellant's Br. at 21.)

This is the claim, and the only claim, Beneficial asks us to hold is within the scope of the sovereign immunity waiver found in the FTCA.  The district court concluded that the claim is not within the scope of that waiver because it "sounds in misrepresentation or deceit" and § 2680(h) of the FTCA specifically preserves the sovereign immunity of the United States with respect to claims "arising out of . . . misrepresentation [or] deceit."  28 U.S.C. § 2680(h).  We agree with the district court.

Beneficial contends that its claim is a fraud claim under Pennsylvania law and that such claims differ from the claims of "misrepresentation" or "deceit" barred by § 2680(h).  In its words, "the actions of the IRS representatives in this matter were on a much greater scale than mere misrepresentations and rose to the level of fraud.  Fraud or fraudulent misrepresentation is not excluded by the Federal Tort Claims Act."  (Appellant's Br. at 22.)  Beneficial's view of the law is mistaken.

The essence of an action for misrepresentation or deceit, for the purposes of § 2680(h), is a communication of misinformation upon which the recipient relies.  Block v. Neal, 460 U.S. 289, 296-97 (1983); United States v. Neustadt, 366 U.S. 696, 702-11 (1961).  As a result, courts have consistently held that fraud claims against the government are not permitted under the FTCA.  See, e.g., United States v. Texarkana Trawlers, 846 F.2d 297, 304 (5th Cir.), cert. denied, 488 U.S. 943 (1988); see also McNeily v. United States, 6 F.3d 343, 349 (5th Cir. 1993)

(referring to § 2680(h) as the "fraud and misrepresentation" exception to the FTCA).[4]

Beneficial's fraud claim alleges that it relied to its detriment on the IRS's alleged misrepresentation that the IRS was entitled to the information it requested and that the IRS's certificate relieved Beneficial of any possible liability to the Poltonowiczs in connection with the disclosure of the account information. This claim fits squarely into § 2680(h)'s misrepresentation and deceit exception to the FTCA's waiver of sovereign immunity. It accordingly is barred by the doctrine of sovereign immunity.

Beneficial at times characterizes the above-quoted claim not only as a fraud claim but also as a claim for contribution or indemnification. The FTCA's waiver of sovereign immunity normally encompasses claims for contribution or indemnification where the law of the relevant state would hold a private individual liable for contribution or indemnification in the same circumstances. See, e.g., Lockheed Aircraft Co. v. United States, 460 U.S. 190, 196-98 (1983); United States v. Yellow Cab Co., 340 U.S. 543, 546-52 (1951).[5] Claims for

_____

[4]. Beneficial's argument that under Pennsylvania law a fraud claim is different from a claim for misrepresentation or deceit misses the mark. The relevant issue is whether the claim Beneficial here presses is a claim based on "misrepresentation" and "deceit" as those terms are used in § 2680(h), and the scope of the § 2680(h) misrepresentation or deceit exception is defined by federal, not state, law. Cross Bros. Meat Packers, Inc. v. United States, 705 F.2d 682, 683 (3d Cir. 1983).

[5]. The FTCA waives sovereign immunity only in circumstances in which the United States would be liable under the law of the place where the government employee's act or omission occurred.

contribution or indemnity against the government are prohibited, however, when permitting the claims to go forward effectively would defeat the purposes of a particular exception to the government's waiver of sovereign immunity.  See Stencel Aero Eng'g Corp. v. United States, 431 U.S. 666, 673-74 (1977) (private party liable in tort to a military serviceman could not recover from federal government under a contribution or indemnification theory because permitting the claim would defeat the purposes behind the government's immunity against the serviceman's direct claim).

However Beneficial may characterize the only claim it here asserts against the IRS, the facts that give rise to liability under that claim involve misrepresentations or deceit

(..continued)
Accordingly, a showing of a violation of federal law will not alone suffice to qualify a claim under the FTCA's waiver. Nuclear Transp. & Storage, Inc. v. United States, 890 F.2d 1348, 1351-53 (6th Cir. 1989) (no FTCA waiver with respect to Fifth Amendment claim), cert. denied, 494 U.S. 1079 (1990); U.S. Gold & Silver Invs. Inc. v. United States, 885 F.2d 621, 621-22 (9th Cir. 1989) (same as to Lanham Act claim); Attallah v. United States, 955 F.2d 776, 785 n.15 (1st Cir. 1992) (same as to claims based on Customs regulations); Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 969 (4th Cir. 1992) (same as to Hague Convention), cert. denied, 113 S. Ct. 411 (1992); Boda v. United States, 698 F.2d 1174, 1176 (11th Cir. 1983) (same as to Due Process claim).  Beneficial refers us to no state law other than Pennsylvania case law pertaining to fraud.  Under the Pennsylvania law of contribution and indemnity, as we understand it, Beneficial could recover against the IRS under either theory only if the IRS were directly liable to the Poltonowiczs for the injuries they allegedly suffered.  We have found no Pennsylvania law which would impose liability on a private individual who did no more than request information from a financial institution and receive it when the request was voluntarily honored by the institution.  For this reason, we assume that Beneficial's decision to rest its FTCA argument solely on the facts alleged in support of its fraud claim was a deliberate one.

and reliance by Beneficial to its detriment.  Permitting Beneficial to proceed with its "indemnification" and "contribution" claims effectively would defeat the purposes of the § 2680(h) misrepresentation and deceit exception to the government's waiver of sovereign immunity.  Cf. Stencel, 431 U.S. at 672-74; see also Colonial Bank & Trust Co. v. American Bankshares Corp., 439 F. Supp. 797, 802-03 (E.D. Wis. 1977) (holding that § 2680(h) bars a third-party misrepresentation claim against a government agency); Marival, Inc. v. Planes, Inc., 306 F. Supp. 855, 857-60 (N.D. Ga. 1969) (same).  We may not permit that result.

VI.

For the foregoing reasons, the district court properly dismissed Beneficial's third-party claim against the Internal Revenue Service for want of jurisdiction.  Accordingly, the portion of its order effectuating that decision will be affirmed. The remainder of the appeal will be dismissed for lack of appellate jurisdiction.