**CABEZA DE VACA LAND & CATTLE CO., L.L.C., Plaintiffs,**

v.

**Bruce BABBITT, in his official capacity as Secretary of the United States Department of the Interior, Garry Rowe, J. Allen Davey and George Whitten, in their official capacities as members of the Closed Basin Project Operating Committee, Defendants.**

No. Civ.A.98–B–1868.

United States District Court, D. Colorado.

Aug. 6, 1999.

Timothy M. Tymkovich, Monica A. Woods, Hale Hackstaff Tymkovich Erkenbrack & Shih, L.L.P., Denver, CO, for plaintiffs.

Andrew F. Walch, James J. Dubois, Environment and Natural Resources Division, U.S. Department of Justice, Denver, CO, Kenneth Salazar, Attorney General of Col-

orado, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General, Felicity Hannay, Deputy Attorney General, Jennifer L. Gimbel, Assistant Attorney General, Natural Resources and Environmental Section, Denver, Co, David W. Robbins, Dennis M. Montgomery, Denver, CO, for defendants.

## MEMORANDUM OPINION AND ORDER

BABCOCK, District Judge.

In this declaratory judgment action brought by Plaintiff Cabeza de Vaca Land & Cattle Co., Inc. under the Reclamation Project Authorization Act of 1972 (Reclamation Act), defendants Garry Rowe (Mr. Rowe), J. Allen Davey (Mr. Davey), George Whitten (Mr. Whitten), and Bruce Babbitt, Secretary of the United States Department of the Interior (Secretary), move, pursuant to Fed.R.Civ.P. 12(b)(1), or in the alternative, 12(b)(6) to dismiss Plaintiff's claims. The motions are adequately briefed and oral argument will not materially aid their resolution. After consideration of the motions and briefs, I will grant the Rule 12(b)(1) motions.

### I.

### Facts

In 1938, the State of Colorado, State of New Mexico, and the State of Texas entered into the Rio Grande River Compact designed to regulate and allocate Rio Grande River waters among the Compact states. Amended Complaint, ¶ 14. As part of the plan to deliver Colorado's portion of its water obligations, the Closed Basin Division of the San Luis Valley Project (Closed Basin Project or Project) was authorized by the Reclamation Project Authorization Act of 1972. Pub.L. No. 92–514, 86 Stat. 964 (the Closed Basin Act or Act). The Colorado Supreme Court describes the Project as follows:

The Closed Basin Project, first envisioned over fifty years ago, is a mammoth undertaking designed to withdraw water from the unconfined aquifer of the Closed Basin in southern Colorado, and

to deliver that water to the Rio Grande River. Normally, water that flows into the Closed Basin from precipitation and irrigation diverted from the Rio Grande is trapped by a natural hydraulic barrier at the southern boundary of the Basin. The water collects in the sump area of the Basin, and much of the water is lost to evaporation and evapotranspiration. The goal of the Closed Basin Project is to lower the water table in the sump area by approximately two feet through the construction and operation of over one hundred shallow wells, and to reduce water losses to evaporation and evapotranspiration. Water salvaged from the sump area is to be delivered to the Rio Grande River to help meet Colorado's obligations to New Mexico and Texas under the Rio Grande Compact. See Rio Grande Compact, P.L. No. 96, 53 Stat. 785 (1939); § 37–66–101, 15 C.R.S. (1973). The Closed Basin Project is a federal reclamation project authorized by Congress. Act of Oct. 3, 1980, P.L. No. 92514, 86 Stat. 964, as amended, Act of Oct. 3, 1980, P.L. No. 96–375, sec. 6, 94 Stat. 1505, 1507.

*Closed Basin Landowners Association v. Rio Grande Water Conservation District,* 734 P.2d 627, 629 (1987), *see also, American Water Development, Inc. v. City of Alamosa,* 874 P.2d 352, 373 (1994), *cert. denied,* 513 U.S. 1015, 115 S.Ct. 575, 130 L.Ed.2d 491 (1994).

The Act imposes certain restrictions on how the Secretary of the Interior is to operate the project facilities. Section 102(b) of the Act, as amended provides:

The Secretary shall operate project facilities in a manner that will not cause the water table available for any irrigation or; domestic wells in existence outside the project boundary prior to construction of the project to drop more than two feet and in a manner that will not cause reduction of artesian flows in existence prior to the construction of the project.

Section 103 established an Operating Committee consisting of one member appointed by the Secretary, one member appointed by the Colorado Water Conservation Board, and one member appointed by the Rio Grande Water Conservation District. Mr. Davey is the current member appointed by the Colorado Water Conservation Board, Mr. Whitten is the current member appointed by the District, and Mr. Rowe served formerly as a member of the Operating Committee.

The Operating Committee "is authorized to determine from time to time whether the requirements of Section 102 of this Act are being complied with." Section 103 provides that the Operating Committee "shall inform the Secretary if the operation of the project fails to meet the requirements of Section 102 or adversely affects the beneficial use of water in the Rio Grande Basin in Colorado...." The parties agree that as recently as March 26, 1998, the Operating Committee expressly determined that the Project met Section 102's requirements. Scheduling Order, ¶ 21.

Plaintiff claims the Department of the Interior (DOI) is in violation of the Reclamation Act in its operation of the water project. According to Plaintiff, the DOI is harming neighboring landowners by: 1) unauthorized draw downs of the water table; and 2) reductions in artesian flows. Plaintiff seeks declaratory and injunctive relief against the Secretary and the members of the Operating Committee for alleged violations of Section 102 and Section 103 of the Act. Plaintiff maintains that the Act provides a private right of action and that its claims are not brought pursuant to the Administrative Procedure Act (APA), 5 U.S.C. § 701 *et seq.* Scheduling Order, ¶ 16.

### II.

Defendants argue that this court lacks subject matter jurisdiction pursuant to Rule 12(b)(1) because the United States has not waived its sovereign immunity. The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). In response to a Rule 12(b)(1) motion, the district court has wide discretion to consider affidavits, documents, and even hold a limited evidentiary hearing. *See Wheeler v. Hurdman*, 825 F.2d 257, 259 n. 5 (10th Cir.1987). Here, both parties submitted affidavits and exhibits which I consider in ruling on this motion.

### III.

Defendants move to dismiss Plaintiff's claims on the basis that the Reclamation Act does not contain a waiver of sovereign immunity. In response, Plaintiff argues that it has a private right of action under the Act and, accordingly, sovereign immunity has been waived. Plaintiff's Resp., p. 15. In the alternative, Plaintiff argues that Defendants are acting *ultra vires* and, therefore, may be made the object of the relief it seeks. *Id.* at 16–18.

### A. Sovereign Immunity

It is axiomatic that the United States may not be sued without its consent. *Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983); *see also Library of Congress v. Shaw*, 478 U.S. 310, 315, 106 S.Ct. 2957, 92 L.Ed.2d 250 (1986); *Sierra Club v. Lujan*, 972 F.2d 312, 314 (10th Cir.1992). It is also well settled that agencies and employees of the federal government, acting in their official capacities, are immune from suit. *Weaver v. United States*, 98 F.3d 518, 520 (10th Cir.1996); *Western Shoshone Business Council For and on Behalf of Western Shoshone Tribe of Duck Valley Reservation v. Babbitt*, 1 F.3d 1052, 1059 (10th Cir.1993); *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir.1989). Waivers of sovereign immunity must be express and unequivocal; they cannot be implied. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 95, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990); *United States v. Mitchell*, 445 U.S. 535, 538, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980). In addition, the fact that a

private right of action may be implied does not establish a waiver of sovereign immunity. "While private rights of action may be implied, waivers of sovereign immunity may not." *Dorsey v. United States Dept. of Labor,* 41 F.3d 1551, 1555 (D.C.Cir. 1994); *see also Antol v. Perry,* 82 F.3d 1291, 1297 (3d Cir.1996) (court refused to imply private right of action under federal statute because plaintiff could not point to express waiver of sovereign immunity in statute); *Beneficial Consumer Discount Co. v. Poltonowicz,* 47 F.3d 91, 95 (3d Cir.1995) (holding that even if court were to imply private cause of action, it could not imply waiver of sovereign immunity "without running afoul of the well-established injunction against recognizing a waiver of federal sovereign immunity not evidenced in statutory text"). Moreover, sovereign immunity applies with equal force to actions for injunctive or declaratory relief and actions for monetary relief. *See United States v. Murdock Mach. and Engineering Co. of Utah,* 81 F.3d 922, 929 (10th Cir.1996); *Amoco Oil Co. v. U.S. E.P.A.,* 959 F.Supp. 1318, 1320 (D.Colo. 1997).

■ Plaintiff has not cited to any portion of the Reclamation Act as containing an express waiver of the United States' sovereign immunity. Instead, Plaintiff argues, without authority, that because, in its view, the Act contains an implied private right of action, the United States' sovereign immunity has been waived. Plaintiff's Resp. pp. 8–15. Without express language in the Reclamation Act waiving the federal government's sovereign immunity, the argument that the Reclamation Act contains an implied private right of action is futile.

### 1. Ultra vires Doctrine

In the alternative, Plaintiff argues that Defendants' alleged unlawful actions are outside their statutory authority and, therefore, based on the *ultra vires* doctrine, they are not entitled to sovereign immunity for these actions. *See* Amended Complaint ¶¶ 47, 51, 55, 60, 64, and 68. I disagree.

■ The *ultra vires* doctrine allows suit against a federal officer only when the action of the officer can be regarded as so illegal that it is not within the officer's delegated powers. *Larson v. Domestic & Foreign Commerce Corp.,* 337 U.S. 682, 689–90, 701–02, 69 S.Ct. 1457, 93 L.Ed. 1628 (1949); *Painter v. Shalala,* 97 F.3d 1351, 1358 (10th Cir.1996); *United States v. Yakima Tribal Court,* 806 F.2d 853, 859 (9th Cir.1986). The *ultra vires* doctrine is based on the theory that when an employee acts completely outside his or her governmental authority, the officer is not doing the business which the sovereign has empowered him or her to do or the officer is doing it in a way that the sovereign has forbidden. *Larson,* 337 U.S. at 689, 69 S.Ct. 1457. Thus, the *ultra vires* claim rests on "the officer's lack of delegated power. A claim of error in the exercise of that power is therefore not sufficient." *Painter,* 97 F.3d at 1358 *quoting Larson,* 337 U.S. at 690, 69 S.Ct. 1457; *Yakima Tribal Court,* 806 F.2d at 859. Moreover, "[a] simple mistake of fact or law does not necessarily mean that an officer of the government has exceeded the scope of his authority." *Tucson Airport Authority v. General Dynamics Corp.,* 136 F.3d 641, 648 (9th Cir.1998); *accord State of Alaska v. Babbitt,* 67 F.3d 864, 867 (9th Cir.1995); *Yakima Tribal Court,* 806 F.2d at 860.

■ The scope of an official's delegated power is generally defined by reference to the statute or regulations setting out the official's duties. *Ramon ex rel. Ramon v. Soto,* 916 F.2d 1377, 1383 n. 7 (9th Cir.1989). The relevant inquiry is "whether the government official was empowered to do what he did; whether even if he acted erroneously, it was within the scope of his delegated power." *Yakima Tribal Court,* 806 F.2d at 860 *quoting Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 112, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984).

■ In this case, Plaintiff alleges that: 1) the Secretary failed to meet his statutory obligations to construct, operate, and

maintain the Closed Basin Project; and 2) the other Defendants failed in their duty to determine whether the Project was being operated in compliance with § 102. Even if true, however, these alleged unlawful acts are but examples of erroneous conduct falling within the statutory authority of federal officers for purposes of the *ultra vires* doctrine. *See Larson*, 337 U.S. at 703, 69 S.Ct. 1457; *Painter*, 97 F.3d at 1358; *Yakima Tribal Court*, 806 F.2d at 860.

■ The 10th Circuit has held that the *ultra vires* doctrine does not apply where, as here, plaintiff alleges what might be simple mistakes or wrongful or erroneous acts by the government actors. "A simple mistake of fact or law does not necessarily mean that an officer of the government has exceeded the scope of his authority." *Painter*, 97 F.3d at 1358. "Although the immunity defense does not bar judicial review [under the APA pleaded in that case] of an officer's acts if they 'conflict with the terms of his valid statutory authority ..., the fact that defendant's acts were wrongful or erroneous is not sufficient to demonstrate they are outside the scope of his authority.'" *S.J. Groves & Sons Co. v. United States*, 495 F.Supp. 201, 206 (D.Colo.1980) *quoting Larson*, 337 U.S. at 695, 69 S.Ct. 1457, 93 L.Ed. 1628, Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure, Sec. 3655 (1976).

In cases where an official violates a statute but is still operating within the scope of his authority, a plaintiff is not without a remedy. "[A]n injured party may sue him in his official capacity and seek injunctive relief under § 702 of the APA." *Ramon*, 916 F.2d at 1383. Moreover, § 702 contains an express limited waiver of the federal government's sovereign immunity. *Bowen v. Massachusetts*, 487 U.S. 879, 891–92, 108 S.Ct. 2722, 101 L.Ed.2d 749 (1988). However, Plaintiff has not brought its claims under the APA.

### 2. Defendants Davey and Whitten's status

In an attempt to avoid the effect of sovereign immunity, Plaintiff suggests that Messrs. Davey and Whitten are not federal officials or employees, although Plaintiff concedes that they may be agents of the federal government. Plaintiff's Resp., p. 16 n. 9.

■ As members of the Operating Committee established by the Act and authorized to make determinations pursuant to the Act, Mr. Davey and Mr. Whitten are sued in their official capacities. Under these circumstances, they are federal actors for purposes of immunity analysis and, thus, immune from suit for actions taken in their official capacity. *See Kwoun v. Southeast Missouri Professional Standards Review Organization*, 811 F.2d 401, 407 (8th Cir.1987) (regional advisory committees making recommendations to United States Department of Health and Human Services regarding Medicare reimbursement, who were not federal employees, were federal actors for purposes of immunity analysis); *Gross v. Sederstrom*, 429 F.2d 96, 98–99 (8th Cir. 1970) (members of county Agricultural Stabilization and Conservation Service were "entrusted with the type of duties in implementing the federal government's conservation programs which entitle them to the protection of official immunity").

Based on the foregoing, all Defendants are entitled to sovereign immunity for the acts which form the basis of Plaintiff's claims. Consequently, I grant Defendants' Rule 12(b)(1) motions to dismiss for lack of subject matter jurisidiction. I need not, therefore, consider their alternative Rule 12(b)(6) motions.

### B. Administrative Procedures Act, 5 U.S.C. § 701 et seq. (APA)

In its response to the motions to dismiss, Plaintiff reiterates that it "has not yet asserted any claims under the APA." Plaintiff's Resp., p. 18. Rather, as stated,

Plaintiff brought its claims pursuant to the Reclamation Act under an implied private cause of action theory. *See* Scheduling Order, p. 16. Nevertheless, Plaintiff argues that even if it had brought claims pursuant to the APA, the actions of the Defendants in this case were arbitrary, capricious, or otherwise not in accordance with the law. *Id.*

This case is not postured to consider Plaintiff's arguments based on the APA. Any discussion of the issues under the APA and its applicable standards would be tantamount to an advisory opinion, an impermissible function of the court. *See United States v. Richardson,* 418 U.S. 166, 171, 94 S.Ct. 2940, 41 L.Ed.2d 678 (1974); *Baker v. Carr,* 369 U.S. 186, 204, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962). If Plaintiff wishes to bring its claims pursuant to the APA, it may file a new action. *See Painter,* 97 F.3d at 1359; *Regan,* 745 F.2d at 1320.

Accordingly, IT IS ORDERED that:

1. the motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction filed by all Defendants are GRANTED;

2. the motions hearing set Friday, August 13, 1999 at 3:00 p.m. is VACATED; and

3. this action is DISMISSED.