BLD-004                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-3081
_____

RICHARD JOHN MINUTI,
                                        Appellant

v.

INTERNAL REVENUE SERVICE;
TAXPAYER ADVOCATE OFFICE
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:12-cv-01222)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 4, 2012
Before:  SCIRICA, HARDIMAN and GREENAWAY, JR., Circuit Judges.

(Filed: October 19, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

     Richard John Minuti, proceeding pro se, appeals from an order of the United

States District Court for the Eastern District of Pennsylvania granting the Internal

Revenue Service's ("IRS") motion to dismiss under Federal Rule of Civil Procedure

12(b)(1) and dismissing his complaint without prejudice. Because this appeal does not present a substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R 27.4; I.O.P. 10.6.

Because we primarily write for the parties, we need only recite the facts necessary for our discussion. In his submissions to the District Court, Minuti alleges that he is due tax refunds for the years 2004 and 2005 because he filed amended tax forms for those years but has not received them because the IRS has kept these refunds. Minuti states that his constitutional rights have been violated by the IRS and the Taxpayer Assistance Office ("TAO") and that he has suffered mental anguish and depression because of these alleged violations. As relief, he asks for the two tax refunds to which he argues he is entitled.

In March 2012, Minuti filed this action against the IRS and the TAO, and the District Court granted him leave to proceed in forma pauperis. The IRS filed a motion to dismiss for lack of subject matter jurisdiction on May 25, 2012, which Minuti responded to on July 16, 2012. On July 16, 2012, the District Court entered an order granting the IRS's motion to dismiss and dismissing Minuti's complaint without prejudice to renewal when he could allege facts sufficient to invoke the District Court's subject matter jurisdiction. Minuti then timely filed this appeal.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and exercise plenary review over the District Court's dismissal order. See Landsman & Funk PC v. Skinder-Strauss Assocs., 640 F.3d 72, 75 (3d Cir. 2011). A motion made pursuant to Rule 12(b)(1) "may be treated as either a facial or factual challenge to the court's subject

2

matter jurisdiction." Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). A court reviewing a facial attack "must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." Id.; see also Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006) (internal quotation marks and citation omitted) (this Court reviews "whether the allegations on the face of the complaint, taken as true, allege facts sufficient to invoke the jurisdiction of the district court"). We may summarily affirm if the appeal does not present a substantial question, and may do so on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

The District Court properly dismissed Minuti's complaint without prejudice. A taxpayer filing suit to recover a tax refund must submit a claim for the refund to the IRS and then wait six months to file suit in federal court, unless the IRS renders a decision on the claim before that six-month period expires. 26 U.S.C. §§ 6532(a)(1), 7422(a); 26 C.F.R. § 301.6402-3(a)(1-2, 5) (noting that an amended tax return satisfies the requirement for submitting a claim); see also Becton Dickinson and Co. v. Wolckenhauer, 215 F.3d 340, 352 (3d Cir. 2000) (noting that the limitation period set forth in 26 U.S.C. § 6532(a) is jurisdictional). Therefore, to invoke the federal court's jurisdiction within that six-month time period, the taxpayer must show that he submitted the refund claim **and** that the IRS rendered a decision with respect to that claim. See Thomas v. United States, 56 Fed. Cl. 112, 120 (2003) (dismissing a premature tax refund suit for lack of subject matter jurisdiction).

3

Here, Minuti alleged that he filed his amended tax return to claim his refund in December 2011, but he filed his complaint on March 23, 2012, within the six-month time period. His complaint did not allege that the IRS had already decided his claim; rather, he explicitly stated that "three months later, the IRS has not contacted me about this." (Minuti v. IRS, E.D. Pa. Civ. No. 2:12-cv-01222, Docket # 5 at 4.) In his response to the IRS's motion to dismiss, Minuti claimed that the IRS had already sent him two separate notices confirming that he would receive two refunds; however, he neither attached copies of these notices to his response nor asked the District Court for leave to file an amended complaint. Instead, he only provided a letter from his attorney showing that he was entitled to a refund for 2004. Therefore, Minuti failed to satisfy the jurisdictional requirement of 26 U.S.C. § 6532(a)(1), and the District Court properly dismissed his complaint without prejudice.[1]

---

[1] In his notice of appeal, his response to this Court's summary action letter, and his reply to the IRS's response in support of summary action, Minuti argues that the District Court failed to consider his claims regarding the TAO and his alleged violations of his civil rights. As an office within the IRS, the TAO enjoys the same immunities given to the federal government under the Constitution and federal law. Beneficial Consumer Discount Co. v. Poltonowicz, 47 F.3d 91, 94 (3d Cir. 1995) (recognizing that the IRS and its employees are entitled to sovereign immunity). Individual federal employees may be held liable for constitutional violations. See Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971). To the extent that Minuti's complaint can be construed as a Bivens claim, the "remedies provided by Congress, particularly the right to sue the government for a refund of taxes improperly collected, foreclose a damage action under Bivens." Wages v. IRS, 915 F.2d 1230, 1235 (9th Cir. 1990) (citing Cameron v. IRS, 773 F.2d 126, 129 (7th Cir. 1985); Baddour, Inc. v. United States, 802 F.2d 801, 807-08 (5th Cir. 1986)) (noting that the collection of taxes, without more, does not give rise to a constitutional right); see also Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000) ("[A] Bivens action should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights in the course of making a tax assessment."). Minuti's complaint also alleges that he has experienced increased

For the foregoing reasons, no substantial question is presented and we will affirm the judgment of the District Court.  <u>See</u> 3d Cir. L.A.R 27.4; I.O.P. 10.6.

---

mental anguish, depression, and anxiety regarding his tax refunds.  To the extent that Minuti's complaint can be construed as raising a claim under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80, this statute specifically states that the government has not waived its sovereign immunity for claims arising out of the assessment and collection of taxes, 28 U.S.C. § 2680(c); <u>see also</u> <u>Capozzoli v. Tracey</u>, 663 F.2d 654, 658 (5th Cir. 1981) (determining that § 2680(c) "is broad enough to encompass any activities of an IRS agent even remotely related to his or her official duties").