BLD-116                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2984
_____

MICHAEL BALICE,
Appellant

v.

UNITED STATES OF AMERICA; M. MACGILLIVRAY; KEVIN MCNULTY;
ATTORNEY GENERAL UNITED STATES OF AMERICA; VALERIE CATANZARO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 3-17-cv-13601)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 28, 2019
Before:  AMBRO, KRAUSE, and PORTER, Circuit Judges

(Opinion filed: March 13, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Michael Balice, proceeding pro se and in forma pauperis, appeals from the District

Court's order dismissing his complaint.  We will summarily affirm.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

I.

Balice is a longtime tax protestor. As relevant here, the United States commenced an action against him and his former spouse in 2014 seeking to reduce to judgment their tax liabilities for several years between 1998 and 2008. See United States v. Balice, et al., D.N.J. Civ. No. 14-cv-3937. The United States also sought an order allowing it to foreclose on Balice's residence.

In December 2017, while that action was still pending, Balice filed a complaint in the Superior Court of New Jersey alleging that his rights under the federal and New Jersey Constitutions had been violated in connection with the tax action. Balice named as defendants: the United States; Attorney General Jeffrey Sessions; and two agents of the Internal Revenue Service (IRS), Michael MacGillivray and Valerie Catanzaro. Balice also named as a defendant the district judge presiding over the tax action, the Honorable Kevin McNulty.

The Defendants removed the case from the Superior Court to the United States District Court for the District of New Jersey.[1] See 28 U.S.C. § 1442(a)(1). Soon thereafter, the United States, Attorney General Sessions, and the two IRS defendants moved to dismiss the complaint under Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. The District Court granted the motion and dismissed Balice's claims

---

[1] Balice moved to remand the matter back to state court, arguing that the District Court lacked jurisdiction to hear his constitutional claims. As the District Court explained, however, 28 U.S.C. § 1442(a)(1) expressly permits the United States and its officers to remove from state court any civil action filed against them. Therefore, the District Court properly denied Balice's motion to remand.

against those defendants.  The District Court also sua sponte dismissed Balice's claims against Judge McNulty.  Balice now appeals from the District Court's order.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  We exercise plenary review over the District Court's order dismissing the complaint.  See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We may summarily affirm a district court's decision on any basis supported by the record if the appeal fails to present a substantial question.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

## III.

We agree with the District Court's dismissal of the complaint.  First, the District Court correctly concluded that it lacked subject-matter jurisdiction over Balice's claims against the United States, Attorney General Sessions in his official capacity, and the IRS defendants in their official capacities.  As the District Court explained, absent a waiver, sovereign immunity shields from suit the United States, FDIC v. Meyer, 510 U.S. 471, 475 (1994), its agencies, Beneficial Consumer Disc. Co. v. Poltonowicz, 47 F.3d 91, 94 (3d Cir. 1995), and its employees sued in their official capacities, Chinchello v. Fenton, 805 F.2d 126, 130, n.4 (3d Cir. 1986).  Neither the United States nor its agencies have waived sovereign immunity for constitutional claims.  See United States v. Testan, 424 U.S. 392, 400–02 (1976).  Therefore, the District Court properly dismissed Balice's constitutional claims against the United States, Attorney General Sessions in his official capacity, and the IRS defendants in their official capacities.

Moreover, to the extent that the complaint could be construed as alleging constitutional claims against Attorney General Sessions and the IRS defendants in their individual capacities, such claims would likewise fail. First, although Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), allows a plaintiff like Balice to bring a claim against a federal officer acting under color of law for violations of his constitutional rights, id. at 397, liability cannot be predicated on a theory of respondeat superior, Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Because Balice does not allege that Attorney General Sessions was personally involved in any of the alleged wrongdoing, he failed to state a claim against him. See Fed. R. Civ. P. 12(b)(6). Second, we have squarely held that, given the existence of various statutes permitting taxpayer suits, "a Bivens action should not be inferred to permit suits against IRS agents accused of violating a taxpayer's constitutional rights." Shreiber v. Mastrogiovanni, 214 F.3d 148, 152 (3d Cir. 2000). Therefore, Balice could not bring claims against the IRS defendants acting in their individual capacities under Bivens.

Lastly, the District Court correctly concluded that Judge McNulty, the District Judge who presided over the 2014 tax action against Balice, was immune from this suit. The well-established doctrine of absolute judicial immunity shields a judicial officer who is performing his duties from lawsuits and judgments for monetary damages. Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam). There are two exceptions to judicial immunity: "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions,

4

though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12

(internal citations omitted).  Nothing in Balice's complaint can be read as plausibly

alleging that any of Judge McNulty's actions fall within either exception.[2]

IV.

Because this appeal presents no substantial question, we will summarily affirm the

District Court's order.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

---

[2] The District Court did not err in dismissing the complaint without providing Balice with an opportunity to amend it because amendment would have been futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).